```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
ASHOK KUMAR, on behalf of himself                          Civil Action No.
and all others similarly situated


                         Plaintiffs,
                                                           **CLASS ACTION
                                                           COMPLAINT**
         v.

MERCANTILE ADJUSTMENT
BUREAU, LLC                                                **NO JURY TRIAL DEMANDED**


                         Defendant.
-------------------------------------------------------X
```

Plaintiff, by and through his counsel, Ryan Gentile, Esq., as and for his complaint against Defendant, on behalf of himself and pursuant to Rule 23 of the Federal Rules of Civil Procedure all others similarly situated, alleges as follows:

## INTRODUCTION

1. Ashok Kumar ("Plaintiff"), on his own behalf and on behalf of the class he seeks to represent, bring this action to secure redress for the debt collection practices utilized by Mercantile Adjustment Bureau, LLC ("Mercantile" or "Defendant") in connection with their attempts to collect alleged debts from himself and others similarly situated.

2. Plaintiff alleges that the Defendant's collection practices violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA").

3. The FDCPA broadly prohibits conduct which harasses, oppresses or abuses any debtor; any false, deceptive or misleading statements made in connection with the collection of a debt; unfair

1

or unconscionable collection methods; and requires certain disclosures. *See* 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

4. The FDCPA is a strict liability statute which provides for actual or statutory damages upon the showing of a single violation. *See* <u>Bentley v Great Lakes Collection Bureau</u>, 6 F.3d 60, 62-63 (2d Cir. 1993).

## JURISDICTION AND VENUE

5. This Court has jurisdiction over Plaintiff's FDCPA claims pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.

6. Venue and personal jurisdiction in this District are proper because:

   i. The acts giving rise to this lawsuit occurred within this District; and

   ii. Defendant does business within this District.

## PARTIES

7. Plaintiff, Ashok Kumar, is an individual natural person who at all relevant times resided in the City of New Hyde Park, County of Nassau, State of New York.

8. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

9. Mercantile is a limited liability corporation with its principal place of business located at 165 Lawrence Bell Drive Suite 100 Williamsville, NY 14221.

10. The principal purpose of Mercantile is the collection of debts using the mail and telephone.

11. Mercantile regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

12. Mercantile is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

## FACTS

13. Sometime in or about January 2017, Plaintiff allegedly incurred a financial obligation to Nordstrom, Inc. related to a personal credit card with an account number ending in "2447" (the "Debt").

14. The Debt arose out of a transaction in which the money, property, insurance or services which were the subject of the transaction were primarily for personal, family or household purposes, namely fees emanating from a personal credit card account in Plaintiff's name that was issued by Nordstrom, Inc.

15. The Debt arose out of a credit card account which Plaintiff opened for his personal use.

16. Plaintiff's credit card account that was issued by Nordstrom, Inc. was neither opened nor used by Plaintiff for business purposes.

17. Plaintiff's personal credit card account Debt to Nordstrom, Inc. is a "debt" as defined by 15 U.S.C. §1692a(5).

18. Sometime after the incurrence of the Debt, but before the initiation of this action, Plaintiff was alleged to have fallen behind on payments owed on the Debt.

19. On or before August 17, 2018, the Debt was allegedly referred by Nordstrom Inc. to Mercantile for the purpose of collections.

20. The Debt was never assigned to Mercantile.

21. Nordstrom Inc. never transferred, sold or assigned any of their property, interest or rights with regard to the Debt to Mercantile.

22. No privity of contract exists between Defendant and Plaintiff such that Defendant has standing to sue Plaintiff for non-performance of any legal obligation of the Plaintiff arising from or with regard to the Debt.

23. Defendant is merely a third-party debt collector with no legal interest or right in the Debt.

24. Defendant contends that the Debt is past-due and in default.

25. At the time the Debt was referred to Mercantile, the Debt was past-due.

26. At the time the Debt was referred to Mercantile, the Debt was in default.

27. At all times relevant hereto, Defendant acted in an attempt to collect the Debt.

28. On or about August 17, 2018 Mercantile mailed or caused to be mailed a letter (the "Letter") to Plaintiff. (Annexed and attached hereto as Exhibit A is a true copy of the Letter dated August 17, 2018 sent by Mercantile to Plaintiff, except the undersigned counsel has in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and Plaintiff's street address to protect his privacy).

29. Mercantile mailed the letter dated August 17, 2018 attached as Exhibit A as a part of their efforts to collect the Debt.

30. Plaintiff received the Letter attached as Exhibit A in the mail.

31. Plaintiff read the Letter attached as Exhibit A upon receipt of the letter in the mail.

32. Exhibit A was sent in connection with the collection of the Debt.

33. Exhibit A seeks to collect the Debt.

34. Exhibit A states in relevant part, " This is an attempt to collect and debt…"

35. Exhibit A conveyed information regarding the Debt including the Balance, Mercantile Reference Number, and a demand for payment.

36. The letter attached as Exhibit A is a "communication" as that term is defined by 15 U.S.C. §1692a(2).

37. The Letter attached as Exhibit A states in relevant part:

    Balance: $20,268.33

38. Later in the Letter attached as <u>Exhibit A</u> it states:

    | | |
    |---|---:|
    | Total amount of the debt due as of charge-off: | $17,210.13 |
    | Total amount of interest accrued since charge-off: | $0.00 |
    | Total amount of non-interest charges or fees accrued since charge-off: | $0.00 |
    | Total amount of payments and credits made on the debt since the charge off: | $0.00 |

39. <u>Exhibit A</u> is a computer-generated form letter.

40. Mercantile's debt collection practice is largely automated and utilizes standardized form letters.

41. On information and belief, the August 17, 2018 Letter attached as <u>Exhibit A</u> is a mass-produced, computer generated form letter that is prepared by Mercantile and mailed to consumers in the State of New York, such as Plaintiff, from whom they are attempting to collect a debt.

42. Defendant used the same procedures they used in sending the letter attached as <u>Exhibit A</u> when sending the same and/or similar letters to other New York consumers.

## CLAIMS FOR RELIEF

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

43. Plaintiff incorporates by reference all the above paragraphs as though fully stated herein.

44. In sending the letter attached as <u>Exhibit A</u>, Defendant violated 15 U.S.C. §§1692, 1692e, 1692e(10), 1692g, 1692g(a)(1).

45. 15 U.S.C. §1692e provides:

    **§1692e.     False or Misleading Representations**

    A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

5

>> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer

46. 15 U.S.C. §1692g provides:

   **(a) Notice of debt; contents**
   Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing

   >> (1) the amount of the debt

47. Defendant violated §1692g(a)(1) because the Letter attached as <u>Exhibit A</u> does not effectively convey the amount of the Debt allegedly owed by Plaintiff. The financial information listed in the Letter is inconsistent and does not make sense, and the Plaintiff, as any least sophisticated consumer would be, was unable to deduce from the Letter the actual amount of their Debt as of the date of the Letter. The figures listed in the Letter are inconsistent and confusing because the amount listed as owing on the Debt as of the charge off ($17,210.13), plus the interest ($0.00), plus the other non-interest charges or fees accrued since the charge off ($0.00) do not add up to the total balance of $20,268.33 allegedly owed. Simply put, a debt that was $17,210.13 at charge off and that accrued $0.00 in interest and $0.00 in other non-interest charges or fees since the charge off, cannot possibly have a current balance of $20,268.33. If the amount due on the Debt as of the charge off was $17,210.13, and no interest, fees or charges accrued since the charge off, then the balanced owed on the Debt would still be only $17,210.13, meaning that the "Balance" due listed in the Letter of $20,268.33 is incorrect.

48. Even if the Balance of $20,268.33 is correct, the Letter still violates §1692g(a)(1) because "even if a debt collector accurately conveys the required information, a consumer may state a claim is she successfully alleges that the least sophisticated

6

consumer would inaccurately interpret the message." See Carlin v. Davidson Fink LLP, 852 F.3d 207, 2016 (2d Cir. 2017). In this matter it is clear that a least sophisticated consumer would inaccurately interpret the Letter because it contains two distinct amounts allegedly owed, one of which must be false.

49. Courts within this District have previously held that a Plaintiff states a viable claim under the FDCPA when they receive a collection letter, like the Letter attached as Exhibit A hereto, that contains a breakdown of the amount owed as of the charge off and fees accrued since the charge off that does not add up to the total balance allegedly owed. In Meola v. Asset Recovery Solutions, LLC and Bureaus Investment Group Portfolio No. 15, LLC, No. 17-cv-01017 Slip Op. (ECF No. 53) (E.D.N.Y. Aug. 15, 2018), Magistrate Judge Ramon E. Reyes, Jr. wrote a Report and Recommendation that was later adopted by Judge Margo K. Brodie in Meola v. Asset Recovery Solutions, LLC and Bureaus Investment Group Portfolio No. 15, LLC, 2018 WL 4660373 (E.D.N.Y. Sept. 28, 2018), in which it was held that the plaintiff stated a viable claim under §1692g when the letter at issue stated:

| | |
|---|---|
| Total Current Balance: | $12063.45 |
| Amount due at Charge off: | $10848.95 |
| Interest Accrued Since Charge Off: | $10848.95 |
| Miscellaneous Fees Since Charge Off: | $1214.50 |

The Meola Court held that the plaintiff stated a claim under §1692g because the amount due as of charge off plus the interest and fees accrued since charge off, did not add up to the total current balance. The Meola Court found because of the contradictory amounts

7

listed, "the least sophisticated consumer would be unable to deduce the actual amount of the debt as of the date of the letter". Id. Slip Op. at 4.

50. Exactly like in the Meola case, Mercantile has similarly violated the FDCPA because like in Meola, the amounts listed is Exhibit A as owing as of the charge off ($17,210.13) plus the interest ($0.00), plus the other non-interest charges or fees accrued since the charge off ($0.00) do not add up to the total balance of $20,268.33. Thus, like in Meola, the Letter violates §1692g because the amounts listed as owing are confusing and contradictory to the least sophisticated consumer who would be unable to deduce the actual amount of the Debt as of the date of the Letter.

51. Defendant violated 15 U.S.C. §1692e(10) because Exhibit A is misleading and deceptive because, as shown in the preceding paragraph, it does not effectively convey what the actual amount of the Plaintiff's Debt is as of the date of the Letter because the Letter contains two contradictory amounts.

52. Exhibit A violates §1692e because it has two possible meanings, one of which is untrue. Specifically, according to Exhibit A, either the Plaintiff owes $17,210.13 or $20,268.33. One of the balances cannot be correct, and therefore the Letter violates §1692e.

53. The misleading and deceptive representation is material because it left Plaintiff uncertain as to the balance of the Debt he allegedly owed.

54. Plaintiff has alleged a particularized injury because the Letter attached as Exhibit A was were mailed and directed to him.

55. Plaintiff has alleged a concrete harm because the FDCPA creates a substantive right under §1692e to be free from abusive debt communications and §1692g creates a substantive right to receive certain information, and Defendant's violations of the

8

FDCPA results in concrete harm to Plaintiff. *See*, <u>Cohen v. Rosicki, Rosicki & Associates</u>, P.C. 897 F.3d 75 (2d. Cir. July 23, 2018)

56. Be reason thereof, Defendant is liable to Plaintiff and the proposed class for judgment that the Defendant's conduct violated 15 U.S.C. §1692e and 15 U.S.C. §1692g and for statutory damages, costs, and attorneys' fees pursuant to 15 U.S.C. §1692k.

## CLASS ALLEGATIONS

57. Plaintiff incorporates by reference all the above paragraphs as though fully stated herein.

58. This action is brought as a class action. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

59. The class is initially defined as: (a) all individuals (b) with a New York address (c) who were sent letters or notices from Mercantile in a form materially identical or substantially similar to the letter attached as <u>Exhibit A</u> to the Complaint (d) which was not returned as undeliverable (e) on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action, (f) where the total amount listed as being due as of the charge off, plus the total amount of the interest accrued since the charge off, plus the total amount of non-interest charges or fees accrued since the charge off, minus the total amount of payments and credits made on the debt since the charge off, does not equal the total balance listed in the letter as being owed.

60. The class definition above may be subsequently modified or refined.

61. The proposed class specifically excludes the United States of America, the states of the Second Circuit, counsel for the parties, the presiding United States District Court Judge,

9

the Judges of the United States Court of Appeals for the Second Circuit and the United States Supreme Court.

62. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   i. **Numerosity**: Plaintiff is informed and believes and on that basis alleges that the class defined above is so numerous that joinder of all members would be impracticable. Defendant's conduct involves the sending of a form collection letter. Upon information and belief, there are at least 40 members of the class. The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery. The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendant.

   ii. **Common Questions Predominate**: There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) The existence of the Defendant's identical conduct particular to the matter at issue; (b) Defendant's violations of the FDCPA, specifically 15 U.S.C. §1692e and 15 U.S.C. §1692g; (c) The availability of statutory penalties; and (d) Attorney's fees and costs.

   iii. **Typicality**: Plaintiff's claims are typical of those of the class they seek to represent. Plaintiff's claims and those of each class member originate from the

10

same conduct, practice, and procedure, on the part of Defendant. Thus, if brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts. Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

iv. **Adequacy**: Plaintiff will fairly and adequately protect the interests of each class and has no interest adverse to or which directly and irrevocably conflicts with the interests of other members of each class. Plaintiff is willing and prepared to serve this Court and the proposed class. The interests of the Plaintiff are co-extensive with and not antagonistic to those of the absent class members. Plaintiff has retained the services of counsel who are experienced in FDCPA class action litigation and will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members. Neither the Plaintiff nor their counsel have any interests which might cause them to not vigorously pursue the instant class action lawsuit.

v. **Superiority**: A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Furthermore, a class action is superior for the fair and efficient adjudication of this matter because individual actions are not economically

feasible, members of the class are likely to be unaware of their rights or that they were violated, and Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

**WHEREFORE**, the Court should enter judgment in favor of Plaintiff and the class and against Defendant for:

1. An order certifying that Count I may be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and the undersigned counsel to represent the class as previously set forth and defined above;

2. Adjudging that Mercantile violated 15 U.S.C. §§1692e and 1692g;

3. An award of statutory damages for Plaintiff, and the class pursuant to 15 U.S.C. §1692k;

4. Attorneys' fees, litigation expenses, and costs of suit pursuant to 15 U.S.C. §1692k; and

5. Such other and further relief as the Court deems proper.

Dated: Floral Park, New York
January 11, 2019

By: /s/ Ryan Gentile
_____
Ryan Gentile, Esq.
Law Offices of Gus Michael Farinella PC
*Attorney for Plaintiff*
110 Jericho Turnpike – Suite 100
Floral Park, NY 11001
Tel: (516) 326-2333
rlg@lawgmf.com

## NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorneys' fees have been assigned to counsel.

                    The Law Offices of Gus Michael Farinella, PC

By: /s/ Ryan Gentile
      Ryan Gentile